NOT FOR PUBLICATION

## FILED

UNITED STATES COURT OF APPEALS

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SASCHA LYNCH, | No.  16-55494 |
| Plaintiff-Appellant, | D.C. No.  2:15-cv-09518-R-RAO |
| v. | |
| PFIZER, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Sascha Lynch appeals pro se from the district court's order dismissing her

diversity action alleging claims arising from an intrauterine device.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on the basis

of the applicable statute of limitations.  *Lukovsky v. City & County of San*

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008).  We affirm.

The district court properly dismissed Lynch's action as barred by the statute of limitations because Lynch was on inquiry notice of her injury more than two years before filing this lawsuit.  *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (plaintiffs are charged with "presumptive knowledge of an injury if they have information of circumstances to put them on inquiry" (citations omitted and internal quotation marks omitted)); *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 398 n.3 (1999) (knowledge of the harm is not required for the claim to accrue).

We do not consider issues which are not supported by argument.  *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993).

Lynch's request for judicial notice (Docket Entry No. 17) is denied.

**AFFIRMED.**